**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 11-5025**

—————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ANTHONY SCOTT MILLER,

             Defendant - Appellant.

—————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  Irene C. Berger,
District Judge.  (5:11-cr-00078-1)

—————————

Submitted:  June 29, 2012          Decided:  July 10, 2012

—————————

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

—————————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

—————————

Carl E. Hostler, PRIM LAW FIRM, PLLC, Hurricane, West Virginia,
for Appellant.  Lisa Grimes Johnston, Assistant United States
Attorney, Huntington, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Scott Miller pled guilty, pursuant to a written plea agreement, to failing to register and update registration as required by the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 (2006). The district court sentenced Miller to twenty-four months' imprisonment and a thirty-year term of supervised release, and Miller now appeals.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but questioning the reasonableness of Miller's supervised release term. Counsel concedes, however, that Miller's plea agreement included a waiver-of-appellate rights provision with respect to his sentence. Miller filed a pro se supplemental brief challenging his conviction and sentence.

The Government seeks to enforce the appellate waiver provision of the plea agreement and has moved to dismiss Miller's appeal. In response, Miller's counsel acknowledges the appeal waiver but argues that the thirty-year term of supervised release amounts to a miscarriage of justice.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This Court reviews the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue on appeal is

2

within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if "the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. To determine whether a waiver is knowing and intelligent, this Court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted).

In his plea agreement, Miller agreed to waive his right to appeal any sentence of imprisonment or fine within or below the Guidelines range corresponding to offense level fourteen. We have thoroughly reviewed the record and conclude that Miller knowingly and intelligently entered into the plea agreement and that his waiver of appellate rights was knowing and intelligent. Because Miller's sentence of imprisonment falls within the Guidelines range applicable to offense level fourteen, we find that he has waived his right to appeal his prison term. Accordingly, we grant the Government's motion to dismiss in part and dismiss Miller's appeal as to his prison term. However, Miller's appeal waiver does not include his conviction or supervised release term. We therefore deny in

part the motion to dismiss as to issues falling outside the scope of the appeal waiver.[1]

In his Anders brief, counsel challenges Miller's term of supervised release.  We review the length of a defendant's supervised release term for reasonableness, using an abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Daniels, 541 F.3d 915, 921 (9th Cir. 2008).  This review requires the Court to first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  Gall, 552 U.S. at 51.  The Court then "'consider[s] the substantive reasonableness of the sentence imposed[,]'"  United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51), taking into account the totality of the circumstances.  Gall, 552 U.S. at 51.  If the sentence is within the Guidelines range, the Court applies a presumption of reasonableness.  Rita v. United States,

---

[1] Because this is an Anders appeal, we are obliged to review the entire record rather than merely the issues specifically raised by Miller.

4

551 U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

Miller argues that the thirty-year term of supervised release imposed by the district court is excessive and, hence, is unreasonable. In determining the length of a supervised release term, a sentencing court must consider several criteria, including the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to afford adequate deterrence to criminal conduct, to protect the public, to provide the defendant with training, medical care, or correctional treatment; the sentencing range for the applicable category of offenses; pertinent policy statements issued by the Sentencing Commission; and the need to avoid unwarranted sentencing disparity among similar situated defendants. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & 3583(c) (2006). The district court's thorough explanation of the sentence imposed demonstrates that the court took these factors into consideration when fashioning Miller's supervised release term. Moreover, Miller presented no arguments sufficient to rebut the presumption of reasonableness afforded his within-Guidelines term of supervised release. We therefore conclude that Miller's supervised release term was reasonable.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal.[2]  Accordingly, we grant the Government's motion to dismiss in part and deny it in part.  We dismiss the appeal of Miller's sentence of imprisonment and otherwise affirm the judgment of the district court.  This Court requires that counsel inform Miller, in writing, of the right to petition the Supreme Court of the United States for further review.  If Miller requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Miller.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

---

[2] We conclude that Miller is not entitled to relief on his pro se claims.

6